# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**JOHN THOMAS RAINEY (# 50268)**            **PETITIONER**

v.            No. 2:05CV93-M-B

**MDOC, ET AL.**            **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of John Thomas Rainey for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition as moot. The petitioner has not responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner pled guilty to unlawful possession of a motor vehicle in the Circuit Court of DeSoto County, Mississippi. He was sentenced to serve a term of three years to be served concurrently with the time that he was serving in Tennessee. The petitioner does not challenge his conviction and sentence for unlawful possession of a vehicle; rather, he argues that the Mississippi Department of Corrections has miscalculated his release date. He seeks as relief a recalculation of his sentence computation and immediate release. At the time his petition was filed, the petitioner was in the custody of the Mississippi Department of Corrections (MDOC) and housed at South Mississippi Correctional Facility. The records of the MDOC now reflect that the petitioner was released on earned release supervision June 3, 2005, and finally

discharged on expiration of sentence on October 18, 2005.[1]

The instant petition was filed while the petitioner was in the custody of the Mississippi Department of Corrections; therefore, he meets the "in custody" requirement of 28 U.S.C. § 2254. *Jones v. Cunningham,* 371 U.S. 236, 238 (1963); *Spencer v. Kemna,* 523 U.S. 1, 8 (1998). The instant petition challenges the computation of the petitioner's sentence (not the propriety of his conviction) and alleges that the petitioner is being held beyond his stated release date. The petitioner was, however, fully released from the custody of the Mississippi Department of Corrections on October 18, 2005, on expiration of sentence. His claims have thus become moot. *Lane v. Williams,* 455 U.S. 624 (1982) (When a prisoner elects to attack only his sentence, and when his sentence expires during the course of the proceedings, the case becomes moot.). The instant petition for a writ of *habeas corpus* is therefore dismissed with prejudice as moot. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of June, 2006.

    /s/ Michael P. Mills
    **UNITED STATES DISTRICT JUDGE**

---

[1] The Discharge Certificate indicates on its face that the petitioner was released on expiration of sentence, but also states in the last paragraph that he would be remanded for supervision of any suspended sentence. The petitioner was not sentenced to any suspended time in his sentencing order, and MDOC records confirmed (as is confirmed further by Exhibit A of the state's motion to dismiss) that the petitioner was not ordered to serve any suspended sentence and was, therefore, fully discharged from MDOC custody on expiration of sentence.